IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| INDYMAC BANK, F.S.B., <br><br> Plaintiff, <br><br> v. <br><br> NATIONWIDE FINANCIAL CORPORATION; <br> LOGAN APPRAISALS, INC.; <br> GUY H. LOGAN; <br> MATT SANDER; <br> RAHN-MIMS EQUITY MANAGEMENT, INC.; <br> DARIUS R. GLASSCHO; and <br> KATIMA, INC., <br><br> Defendants. | 1:07-cv-01472-WSD |

**OPINION AND ORDER**

The matter is before the Court on plaintiff IndyMac Bank, F.S.B.'s ("Plaintiff") Motion to Amend Complaint [16].

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 22, 2007, Plaintiff filed its original Complaint [1] against defendants Nationwide Financial Corporation, Logan Appraisals, Inc., Guy H. Logan, Matt Sander, Rahn-Mims Equity Management, Inc., Darius R. Glasscho, Katima, Inc., and Timothy W. Fenbert. Plaintiff is a federally-chartered savings

bank and alleges claims for breach of contract, professional negligence, negligent misrepresentation, negligent hiring, supervision, and retention, fraud, unjust enrichment, fraudulent transfer, and attorney's fees, arising out of a mortgage transaction it allegedly financed.

On June 25, 2007, Plaintiff filed its First Amended Complaint [3], pursuant to Federal Rule 15,[1] deleting Timothy W. Fenbert as a defendant.

On July 12, 2007, Katima, Inc. answered Plaintiff's First Amended Complaint [4]. On July 16, 2007, Nationwide Financial Corporation answered Plaintiff's First Amended Complaint [5] and filed cross-claims [6] against the other defendants for contribution, indemnification, and attorney's fees.

---

[1] Federal Rule 15 provides:

A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires. A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be the longer, unless the court otherwise orders.

Fed. R. Civ. P. 15(a).

On August 22, 2007, Plaintiff, Nationwide Financial Corporation, and Katima, Inc. filed their Preliminary Report and Discovery Plan [9].  The Preliminary Report and Discovery Plan provides that:  "Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the preliminary planning report is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law."  Preliminary Report and Discovery Plan [9] at 7 (emphasis in original).  However, the parties also "agree[d] that the Complaint should be amended to add Moreland & Lerman, P.C. and Donald D. Moreland as parties-defendant."  Id.

On August 23, 2007, the Court entered a Scheduling Order [11].  The Scheduling Order approved "the time limits for adding parties [and] amending the pleadings" stated in the parties' Preliminary Report and Discovery Plan and ordered discovery to be completed on or before January 18, 2008.

On October 2, 2007, Plaintiff moved to amend its First Amended Complaint [16].  Plaintiff's proposed Second Amended Complaint adds as defendants Donald D. Moreland, Moreland & Lerman, P.C., and Carrington Construction Group, L.L.C.  Plaintiff also added additional factual allegations and a claim for

professional negligence against the newly-added defendants. The defendants in this action have not responded to Plaintiff's Motion to Amend.

## II. DISCUSSION

Federal Rule 15(a) permits plaintiffs to amend their complaints once as a matter of course any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). After a complaint has been answered, a plaintiff may amend the complaint only by leave of court or written consent of the adverse party. Id. Leave to amend "shall be freely given when justice so requires." Id.; accord Foman v. Davis, 371 U.S. 178, 182 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" Foman, 371 U.S. at 182.

The Court is also required to enter a scheduling order in its cases, which limits the time "to join other parties and to amend the pleadings." Fed. R. Civ. P. 16(b)(1). "A schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Id. 16(b). The good cause standard for

modification of a scheduling order "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." Sosa v. Airprint Sys., Inc., 133 F.3d 1417, 1418 (11th Cir. 1998). In cases where a plaintiff seeks leave to amend the complaint outside of deadlines set in the scheduling order, the plaintiff must show "good cause" for the Court to modify its order and allow amendment. Id. at 1419; Alexander v. AOL, 132 F. App'x 267, 269 (11th Cir. 2005) (affirming district court's denial of motion to amend filed seven weeks after deadline set in the scheduling order).

     Plaintiff here has shown good cause for the Court to modify its Scheduling Order and permit Plaintiff's Motion to Amend. Although the Scheduling Order's terms required submission of amended pleadings by September 21, 2007, several factors persuade the Court that Plaintiff has shown good cause to amend. The parties specifically noted in the Preliminary Report and Discovery Plan that defendants Moreland & Lerman, P.C. and Donald D. Moreland are necessary parties who should be joined. Defendants in this case also seem to consent to amendment; in the absence of any response within the deadlines imposed by the Court's Local Rules, the Court deems the Motion to Amend as unopposed. See LR 7.1(B), NDGa. Finally, Plaintiff's delay is minor and appears to have no prejudice

on any party to this action.  But see Sosa, 133 F.3d at 1418 (affirming district court's denial of motion to amend filed "well after the time prescribed by the court's scheduling order . . . ."). Plaintiff will be given leave to amend.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that plaintiff IndyMac Bank, F.S.B.'s Motion for Leave to Amend Complaint [16] is **GRANTED**. The Clerk of Court is instructed to docket the Second Amended Complaint, attached to IndyMac Bank, F.SB.'s Motion for Leave to Amend, as the Complaint in this action.

**SO ORDERED** this 25th day of October 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE